IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Roshaun Reid, ) | C/A No. 0:15-1354-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden, United States Penitentiary Lewisburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Kenneth Roshaun Reid, a self-represented federal prisoner confined at United States Penitentiary ("USP") Lewisburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the alternative, Petitioner moves for a writ of *audita querela*. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner files the instant Petition challenging criminal convictions and sentences imposed in this court. (ECF No. 1 at 1.) A review of the docket in Petitioner's criminal case reflects that he was found guilty by a jury on September 23, 2005 of firearm offenses and conspiracy to possess with intent to distribute cocaine base.[1] See United States v. Reid, C/A No. 0:04-353-CMC (D.S.C. Sept. 23, 2005) (reflecting Petitioner's jury verdict at ECF No. 335). The Honorable Cameron McGowan

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949).

Page 1 of  7



Currie, United States District Judge,[2] sentenced Petitioner to life imprisonment plus lesser concurrent sentences on August 2, 2006.  Id. at ECF No. 402.

Petitioner filed an appeal and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences.  Id. at ECF Nos. 404, 477.  Petitioner also filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the sentencing court denied.  Id. at ECF Nos. 498, 529.  Petitioner appealed the denial of § 2255 relief to the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal.  Id. at 537, 548.  Petitioner filed a second § 2255 motion, which the sentencing court dismissed as successive.  Id. at 611, 613.  Petitioner also unsuccessfully appealed the order dismissing his second § 2255 motion.  Id. at 616, 623.  Petitioner now seeks to challenge his federal convictions and sentences under 28 U.S.C. § 2241, or, in the alternative, under a writ of *audita querela*.  (ECF No. 1 at 1.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[3] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

---

[2] Judge Currie is now a Senior United States District Judge.

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  See Rule 1(b).



Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

As an initial matter, the court notes that a § 2241 petition must be filed in a petitioner's district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should

PJG

name his warden as respondent and file the petition in the district of confinement."). Petitioner is confined in a Pennsylvania federal prison; therefore, this court is not the proper forum for the instant § 2241 Petition. However, as discussed below, the Petition is subject to summary dismissal. Therefore, the court finds that transfer of this Petition to the proper district court would not serve the interest of justice. See 28 U.S.C. §§ 1404, 1631 (providing for transfer of a case where such transfer would serve the interest of justice).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal convictions and sentences under § 2241 unless he can satisfy the § 2255 savings clause which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).[4]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

---

[4] The court notes that Petitioner has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).



> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Moreover, the Fourth Circuit has held that the reach of the savings clause does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241). In this case, Petitioner challenges his federal convictions but provides no factual allegations to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal or § 2255 motion. Therefore, the court finds that Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his convictions or sentences and the instant § 2241 Petition should be dismissed.

Petitioner also files this action as a writ of *audita querela*; however, this writ has been abolished in the civil context. See Fed. R. Civ. P. 60(e); see also United States v. Falesbork, 68 F. App'x 401, 402 (4th Cir. 2003). Further, to the extent such a writ survives in the criminal context, its use is inappropriate where another method of collaterally attacking a conviction or sentence exists. See United States v. Aguilar, 164 F. App'x 384 (4th Cir. 2006) (holding that "because § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ for the same purpose is inappropriate"); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (noting that a petitioner "may not seek relief through a petition for a writ of audita querela on the

basis of his inability to satisfy the requirements of the . . . ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence"). As relief under a writ of *audita querela* is unavailable to Petitioner, his Petition for relief under such a writ should be summarily dismissed.

**III.     Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

$\hspace{4cm}$ /s/ Paige J. Gossett
$\hspace{4cm}$ Paige J. Gossett
$\hspace{4cm}$ UNITED STATES MAGISTRATE JUDGE

May 4, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).