IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kenneth Roshaun Reid, ) | C/A NO. 0:15-1354-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden, United States Penitentiary ) | |
| Lewisburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 4, 2015, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process on Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On May 15, 2015, Petitioner filed objections to the Report and a letter addressed to the Magistrate Judge. ECF Nos. 15 & 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's objections are without merit. Petitioner fails to establish how his case meets the savings clause of 28 U.S.C. § 2255(e). *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Moreover, to the extent a writ of *audita querela* survives in the criminal context, "because § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ for the same purpose is inappropriate." *United States v. Aguilar*, 164 F. App'x 384, 384 (4th Cir. 2006).

The petition is dismissed without prejudice and without service upon Respondent.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 18, 2015